IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TENG VANG,

        Petitioner,                    No. CIV-S-11-0116 EFB (TEMP) P

    vs.

GARY SWARTHOUT,

        Respondent.               <u>ORDER</u>

        Petitioner, a state prisoner proceeding without counsel, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee.

        "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). Petitioner has failed to specify the constitutional grounds for relief in his petition, nor does he state facts on which relief might be granted. *See* Rule 2(c), Rules Governing § 2254 Cases. A habeas petition need not describe the facts underpinning an alleged constitutional violation in minute detail, but it must give the court a clear understanding of the "who, what, when and how" of the petitioner's claims. For example, petitioner claims he should not have been tried as an adult at the time he was convicted of the underlying crime, but he does not state his age at the relevant time or whether that issue

1

was ever properly before the state court. He also does not state what constitutional right was violated when the state court convicted him of committing a crime as an adult.

The court will allow petitioner additional time in which to file an amended petition that meets the pleading requirements described above. The court admonishes petitioner to familiarize himself with the court's Local Rule 220, which governs the amendment of pleadings. If he chooses to file an amended petition, the court will examine it according to the same screening standards applied to his original petition. In addition, petitioner is informed that the court cannot refer to a prior pleading in order to make petitioner's amended petition complete. Local Rule 220 requires that an amended pleading be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint or petition supersedes the original. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once petitioner files an amended petition, the original no longer serves any function in the case. Therefore, in an amended petition, as in an original petition, each habeas claim and the factual bases underlying it must be sufficiently alleged.

Therefore, IT IS HEREBY ORDERED that:

1. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order.

2. Any amended petition must bear the case number assigned to this action and the title "Amended Petition".

3. The Clerk of the Court is directed to send petitioner the court's form for application for writ of habeas corpus.

4. The Clerk is further directed to send petitioner a copy of the local rules.

5. Petitioner's failure to comply will result in this action being dismissed.

DATED: April 25, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE