1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TENG VANG,

11          Petitioner,                        No. CIV S-11-0116 CKD P

12       vs.

13   GARY SWARTHOUT,

14          Respondent.                        ORDER

15   _____/

16          Petitioner is a state prisoner proceeding pro se and in forma pauperis with an

17   application for writ of habeas corpus under 28 U.S.C. § 2254.  On July 18, 1995, petitioner pled

18   guilty to second degree murder in the Superior Court of Sacramento County.  See Lodged

19   Document No. 1.  He was sentenced to an indeterminate term of fifteen years to life with the

20   possibility of parole.  Id.  He did not appeal his sentence, but he now seeks federal habeas relief

21   alleging that a clerical error in the calculation of his age led to his being charged as an adult when

22   in fact he was seventeen years old at the time he committed the underlying crime.  He claims that

23   the error continues to have negative effects on his eligibility for parole.  Respondent has filed a

24   motion to dismiss, arguing the petition is untimely under 28 U.S.C. § 2244(d)(1).  The motion

25   has been fully briefed.  Both parties have consented to the magistrate judge's jurisdiction under

26   28 U.S.C. § 636(c).

                                              1

1        Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a

2   one-year period of limitation applies to a petition for writ of habeas corpus filed in federal court

3   by a person in custody pursuant to the final judgment of a state court.  28 U.S.C. § 2244(d)(1).

4   The statute of limitations applies to all federal habeas petitions filed after the statute was enacted

5   on April 24, 1996.  Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).  For state prisoners, like this

6   one, whose convictions became final prior to AEDPA's enactment, the one-year statute of

7   limitations began to run on April 25, 1996, the day after AEDPA became law.  See Malcolm v.

8   Payne, 281 F.3d 951, 955 (9th Cir. 2002).  Therefore, unless he can show he is entitled to tolling

9   of the limitations period, petitioner had until April 24, 1997, in which to file a timely petition

10  under AEDPA.  Id.

11       Respondent's lodged documents show that petitioner did not begin the state

12  habeas process until October 27, 1999, when he filed a petition in the Superior Court of

13  Sacramento County.  See Lodged Doc. No. 3.  That petition alleged that petitioner's trial counsel

14  rendered insufficient representation by falsely informing petitioner that he would be eligible for

15  parole in seven-and-a-half years, after he received "half-time" credit for good behavior in prison.

16  Id.  The petition did not mention the ground for habeas now alleged, that petitioner should have

17  been considered for trial as a juvenile and that the error in calculating his age continues to have

18  negative effects on his eligibility for parole.  On December 1, 1999, the Superior Court denied

19  the petition, ruling that it was untimely and failed to present a prima facie claim for relief.  See

20  Lodged Doc. No. 4.  Petitioner pursued his claim through the next two levels of the state habeas

21  process, culminating in a summary denial by the California Supreme Court on November 29,

22  2000.  See Lodged Docs. Nos. 6 and 8.

23       Petitioner initiated a second round of state habeas petitions on November 7, 2009,

24  when he filed a petition with the California Court of Appeal, Third Appellate District, alleging

25  for the first time that the clerical error regarding his age warrants collateral relief.  See Lodged

26  Doc. No. 9.  The Court of Appeal denied his petition on November 19, 2009.  See Lodged Doc.

1    No. 10.  The California Supreme Court denied the same claim on January 13, 2010.  <u>See</u> Lodged

2    Doc. No. 12.

3            Petitioner does not argue that he is entitled to any kind of equitable tolling such

4    that his federal petition could be found timely under 28 U.S.C. § 2244(d)(1).  Respondent is

5    therefore correct that the statute of limitations expired on April 24, 1997, rendering this petition

6    untimely.  The motion to dismiss will be granted.

7            Accordingly, IT IS HEREBY ORDERED that the motion to dismiss (Docket No.

8    13) is granted.  The petition is denied, and this case is closed.

9     Dated: January 12, 2012

10

                                          _____
11                                        CAROLYN K. DELANEY
                                          UNITED STATES MAGISTRATE JUDGE
12

13

14

15   hm
     vang0116.mtd

16

17

18

19

20

21

22

23

24

25

26